IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALEXIS ANDERSON,	CIVIL DIVISION

    Plaintiff,

2:22-CV-01757-RJC

COUNTY OF ALLEGHENY COUNTY,

    Defendant.

**BRIEF IN SUPPORT OF PARTIAL MOTION TO DISMISS
FOURTH AMENDED COMPLAINT**

Pursuant to F.R.C.P. 12(b)6 Defendant, Allegheny County, files this BRIEF IN SUPPORT OF PARTIAL MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT.

**I.    STATEMENT OF THE CASE**

Plaintiff Alexis Anderson filed a two-count Fourth Amended Complaint[1] alleging religious discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as well as religious discrimination pursuant to the PHRA. (4th Am. Compl. ECF #30.) Only those well-pled facts material to the pending motion will be set forth here and will be accepted as true by Defendant for the limited purposes of this pending Motion.

Plaintiff Anderson worked for Defendant Allegheny County as a corrections officer in the Allegheny County Jail until December 2021 (4th Am. Compl. ¶¶ 3,10.) Allegheny County issued a policy requiring Allegheny County employees under the executive branch to be vaccinated against COVID-19 by December 1, 2021.[2] (4th Am. Compl. ¶ 6.) Plaintiff Anderson is a Christian

---

[1] Defendant notes that Plaintiff's Amended Complaints have been filed without requesting leave of court pursuant to Fed. R. Civ. P. 15(a)(2).
[2] Plaintiff refers to Allegheny County's vaccine policy throughout the Complaint. However, Plaintiff has not attached it. Allegheny County has included the policy as Exhibit "A" to its Motion

and after the policy announcement submitted a religious exemption request informing Defendant that she believes her body is a holy temple of the Holy Spirit and that being vaccinated would entail going against her convictions and the commands of God. (4th Am. Compl. ¶¶ 5,6.) The County denied Plaintiff's request for accommodation to remain unvaccinated and Plaintiff was terminated on December 27, 2021. (4th Am. Compl. ¶¶10, 18, 21.)

## II.     LEGAL STANDARD

For a complaint to withstand a motion to dismiss brought pursuant to FED. R. CIV. P. 12(b)(6), it must provide sufficient facts that, if presumed to be true, support "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009) (*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). For a claim to qualify as "plausible," the alleged facts must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. The Third Circuit Court of Appeals has elaborated on the pleading standard set forth in Iqbal, providing the following test for determining the sustainability of complaints challenged under Rule 12(b)(6):

> [W]hen presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "*show*" such an entitlement with its facts.

---

to Dismiss. This Court may consider, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Ben. Guar. Corp. v. White Consol. Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009) (*emphasis added*) (*internal citations to Iqbal* omitted). Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.     ARGUMENT

**A. Motion to Dismiss Title VII Retaliation Claim**

To make out a prima facie claim for retaliation under Title VII a plaintiff must show: "(1) [that she engaged in] protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 193 (3d Cir.2015). Plaintiff Anderson has not pled facts sufficient to support a retaliation claim. Moreover, the facts pled illustrate that the County announced that any individual who did not receive the vaccination would be subject to termination before it knew of Plaintiff's religious objections to the vaccination. (Exhibit A *Vaccination Policy*; 4th Am. Compl. ¶6.) Plaintiff has not pled and will not be able to establish causation. The County following its policy that was implemented prior to having any knowledge of Plaintiff's religious beliefs cannot form the basis of a retaliation claim. Employers need not suspend plans to discipline an employee upon discovering that said employee engaged in protected activity on matters unrelated to the contemplated action. *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 301-

02 (3d Cir. 2012). See also Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 272, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001) (establishing this principle in the Title VII context). As such, Plaintiff's Title VII retaliation claim should be dismissed with prejudice.

**B. Motion to Dismiss ADA Claims**

i. **Failure to Exhaust Administrative Remedies**

Plaintiff Anderson has removed the ADA count that was included in three previously filed complaints. (ECF #1, 12, 17.) However, Plaintiff has kept the factual averments relating to her claims of having a perceived disability and requests for medical exemptions in her Fourth Amended Complaint. (4th Am. Compl. ¶¶12, 15, 18.) To the extent Plaintiff is attempting to allege any claim relating to ADA, Defendant will address the issue here.

Plaintiff Anderson has not preserved an ADA claim at the EEOC level and has therefore failed to exhaust her administrative remedies as to any ADA claim. In general, before an ADA action can be filed in federal court, a plaintiff must exhaust administrative remedies by filing a complaint with the EEOC. 42 U.S.C. § 2000e; Churchill v. Star Enterprises, 183 F.3d 184, 190 (3d Cir.1999). Plaintiff's EEOC charge does not include an ADA claim. Only those claims alleged that are "fairly within the scope of the prior [administrative] complaint, or the investigation arising therefrom" are considered to have been exhausted. Antol v. Perry, 82 F.3d 1291, 1295 (3d Cir. 1996) (quoting Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir. 1984) (per curiam)). Failure to comply with this requirement constitutes failure to exhaust administrative remedies and provides sufficient ground to dismiss the claim. Hildebrand v. Allegheny Cnty., 757 F.3d 99, 112-13 (3d Cir. 2014); Ganaway v. City of Pittsburgh, No. 2:05-cv-1657, 2008 WL 336297 (Feb. 4, 2008 W.D.Pa.).

The purpose of requiring exhaustion is to afford the EEOC the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court."

Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996). The requirement also "allows an employer to be put on notice of the claims likely to be filed against it." Barzanty v. Verizon PA, Inc., 361 Fed.Appx. 411, 414 (3d Cir. 2010). Although the right-to-sue letter permits a plaintiff to file suit, " 'the parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.' " Webb v. City of Phil., 562 F.3d 256, 263 (3d Cir. 2009) (quoting Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398-99 (3d Cir. 1976)). A plaintiff will not be deemed to have made a claim with the EEOC if the plaintiff "provide[s] no facts that suggest" such a claim. Barzanty, 361 Fed.Appx. at 414.

Plaintiff Anderson provided no facts to suggest an ADA claim at the administrative level and has therefore failed to exhaust her administrative remedies as to her ADA claim. (Exhibit B *PHRC complaint*[3].) Plaintiff Anderson's PHRC complaint only indicates that she was allegedly discriminated against on the basis of religion and retaliation. There are no facts in the PHRC complaint relating to disability or perceived disability. A fair reading of the PHRC complaint illustrates that an ADA claim was not within the scope of the complaint.

---

[3] This Court must consider, "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Pension Ben. Guar. Corp. v. White Consol. Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). This Court is to, "consider the complaint in its entirety, as well as… documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Institutional Investors Group v. Avaya, Inc., 564 F.3d 242, 252 (3d Cir. 2009). This court may also consider, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Ben. Guar. Corp. v. White Consol. Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). In evaluating whether a plaintiff has exhausted her administrative remedies, however, courts routinely consider the plaintiff's administrative filings as public records. See, e.g, Patton v. S.E. Pa. Transp. Auth., 2007 WL 219938 (E.D. Pa. January 26, 2007).

Plaintiff Anderson has not exhausted her administrative remedies with respect to an ADA claim. Any attempt to raise an ADA claim should be dismissed with prejudice.

ii. **Failure to State a Cause of Action**

Even if Plaintiff Anderson had properly exhausted administrative remedies with respect to her ADA claim, she still fails to state a cause of action in her Fourth Amended Complaint. Again, there is no Count alleging ADA discrimination.

To the extent Ms. Anderson is claiming to be regarded as disabled, the ADA does not require an employer to accommodate an employee who is only regarded as disabled. [42 U.S.C. §12201(h)](#) provides that an employer "need not provide a reasonable accommodation … to an individual who meets the definition of disability in section 12102(1) of this title solely under subparagraph (C) of such section." Subparagraph (C) of section 12102(1), in turn, defines the term "disability" to include situations where an individual is "regarded as" being disabled. [Majors v. General Elec. Co., 714 F.3d 527, 535 n. 4 (7th Cir. 2013)](#) ("The amendments to the ADA clarified that employers needn't provide reasonable accommodation to a 'regarded as' disabled individual.").

Furthermore, the Fourth Amended Complaint does not adequately allege that Plaintiff Anderson has a disability. In order to establish a *prima facie* case of discrimination under the ADA, a plaintiff must show, *inter alia*, that "he is a disabled person within the meaning of the ADA." [Gaul v. Lucent Techs., Inc., 134 F.3d 576, 580 (3d Cir. 1998).](#) Here, Plaintiff only alleges that she submitted a request for a medical exemption based upon documentation regarding the significant amount of antibodies in her system after initially contracting COVID in 2021. (4th Am. Compl. ¶12.) An individual is disabled if he has "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or

(C) being regarded as having such an impairment." 42 U.S.C. § 12102 (1). Allegedly having COVID antibodies is not a disability. Accordingly, any attempt by Plaintiff to raise an ADA claim here must be dismissed with prejudice.

### C. No Cause of Action Under Food, Drug, and Cosmetic Act (EUA)

Plaintiff alleges that, when the County instituted the vaccine mandate, all versions of the available vaccine to Plaintiff were not fully approved by the FDA but were issued under EUA status. Plaintiff further alleges that the County's vaccination policy violated federal law because Defendant did not explain the risks and benefits of the vaccine to Plaintiff to allow her to make an informed choice. (4th Am. Compl. ¶22.) To the extent Plaintiff is attempting to bring a claim under the FDCA, it fails for several reasons.

The Federal Food, Drug, and Cosmetic Act ("FDCA") authorizes the FDA to issue an "emergency use authorization" ("EUA") for medical products, including vaccines, to be introduced into interstate commerce and administered to individuals during public health emergencies when the product has not yet undergone the standard review and approval process. 21 U.S.C. § 360bbb-3(a)(1), (2). The law requires the Secretary of Health and Human Services to impose certain conditions on persons whom it has authorized to sell unapproved drugs in a medical emergency, such as the Covid-19 pandemic. The purpose of those conditions is to assure that health care providers are informed of certain matters and that recipients of the products are informed that (1) the product has been approved for use on an emergency basis, (2) of the known risks and benefits of the product, and (3) of the option to accept or refuse administration of the product, of the consequences, if any, of refusing administration of the product, and of the alternatives to the product that are available and of their benefits and risks. 21 U.S.C. §360bbb-3 (e)(1)(A)(ii).

First, Plaintiff's contentions that no vaccine had been approved by the FDA at the time the policy was implemented is false and has been rejected by the courts including by Judge Bissoon in this District in ruling on the very same policy at issue here.

> First and foremost, positions are fatally undermined by the fact that full authorization has been granted regarding the Pfizer vaccine. The court rejects the specious argument suggesting that this is not the case, as that is inconsistent with the facts. In fact, courts uniformly have rejected plaintiffs' arguments here, namely that the Pfizer vaccine somehow should be viewed as lacking full approval or that there are legally cognizable distinctions between the Pfizer brand name Comirnaty.

(Ex. C *Excerpts from Transcript of Preliminary Injunction Hearing*; p. 176)

Second, there is no right to bring a private action to enforce the EUA, as every court to address the issue has held. *E.g.*, *Bridges v. Houston Methodist Hospital*, 543 F. Supp.3d 525, 527 (S.D. Tex. 2021), *aff'd* 2022 WL 2116213 (5th Cir. June 13, 2022); *Johnson v. Tyson Foods, Inc.*, 2022 WL 2161520 at *10 (W.D. Tenn. June 14, 2022); *Miller v. Farris*, 2022 WL 17079056 at *8 (C.D. Cal. Oct. 17, 2022); *DeJean v. Kelly*, 2022 WL 3345329 at *2 (M.D. Fla. Aug 12, 2022); *Valdez v. Lujan Grisham*, 2022 WL 3577112 at ** 5-6 (D.N. Mex. Aug. 19, 2022); *Doe v. Franklin Square Union Free School District*, 568 F. Supp.3d 270 (E.D.N.Y. 2021); *Bird v. Wyoming*, 2022 WL 17550097 at *7 (D. Wyoming Dec. 8, 2022); *Navy Seal 1 v. Biden*, 574 F. Supp.3d 1124, 1130 (M.D. Fla. 2021); *Ciraci v. J.M. Smucker Company*, 2021 WL 6064748 at *2 n.1 (N.D. Ohio Dec. 22, 2021).

Third, the EUA statute does not regulate the conduct of employers implementing a vaccination policy. It applies to the secretary of health and human services and medical providers who administer the vaccine.

> Even assuming full approval of the Pfizer vaccine does not render plaintiffs' arguments moot, their EUA arguments fail on at least two other grounds. First, the EUA protocols apply to the secretary of health and human services, and the informed consent provisions relate only to those who carry out any activity for which the

>authorization is issued; in other words, the medical providers who administer the vaccine. The statute does not apply to policymakers who must decide appropriate vaccine protocols.

(Ex. C *Excerpts from Transcript of Preliminary Injunction Hearing*; p. 177)*See also*; *Children's Health Defense, Inc. v. Rutgers, State University of New Jersey*, 2022 WL 4377515 at *10 (D.N.J. Sept 22, 2022)* ("Section 564 of the Federal Food, Drug, and Cosmetic Act obligates the Secretary of Health and Human Services to establish 'conditions designed to ensure that individuals to whom the product is administered are informed ... of the option to accept or refuse administration of the product.'") (Internal citations omitted); *Klaassen v. Trustees of Indiana Univ.*, 549 F. Supp.3d 836, 870 (N.D. Ind. July 18, 2021), *aff'd*, 7 F.4th 592 (7th Cir. 2021); *Valez v. Grisham*, 559 F. Supp.3d 1161, (D. N. Mex. 2021). Moreover, the Department of Justice issued a memorandum opinion concluding that employers are not subject to the FDCA.[4]

Fourth, The County did not force Plaintiff (or any employee) to receive a vaccination. Plaintiff in fact, did not receive one. "That their refusal may have adverse employment consequences simply is not addressed and is immaterial for the purposes of the EUA statute." (Ex. C *Excerpts from Transcript of Preliminary Injunction Hearing*; p. 177). *See also.*, *Valez v. Grisham*, 559 F.Supp.3d 1161, 1171-72 (D. N.Mex. 2021); *Rhoades v. Savannah River Nuclear Solutions, LLC*, 574 F.Supp.3d 322, 344-45 (D.S.C. 2021); *Klaassen v. Trustees of Indiana Univ.*, 549 F. Supp.3d 836, 870 (N.D. Ind. July 18, 2021), *aff'd*, 7 F.4th 592 (7th Cir. 2021).

For these reasons, any attempt by Plaintiff to assert a claim under the EUA statute must be dismissed with prejudice.

---

[4] Dep't of Justice, Whether Section 564 of the Food, Drug, and Cosmetic Act Prohibits Entities from Requiring the Use of a Vaccine Subject to an Emergency Use Authorization at 18 (July 6, 2021), https://www.justice.gov/olc/file/1415446/download. ("[S]ection 564 of the FDCA does not prohibit public or private entities from imposing vaccination requirements, even when the only vaccines available are those authorized under EUAs.")

## IV. **CONCLUSION**

Defendant respectfully requests that this Honorable Court GRANT Defendant's PARTIAL MOTION TO DISMISS Plaintiff's Fourth Amended Complaint.

Respectfully submitted,

*/s/ Frances Marie Liebenguth*
Frances Marie Liebenguth
Assistant County Solicitor
Pa. I.D. #314845
(412) 350-1108
Frances.Liebenguth@alleghenycounty.us

*/s/ Virginia Spencer Scott*
Virginia Spencer Scott
Assistant County Solicitor
Pa. I.D. #61647
(412) 350-1173
V.Scott@alleghenycounty.us

ALLEGHENY COUNTY LAW DEPARTMENT
300 Fort Pitt Commons Building
445 Fort Pitt Boulevard
Pittsburgh, PA 15219